UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

ALEXIS VICTORIA ANZALDUA, fka                    Case No. 24-00616-swd
ALEXIS V. ROSENBROOK,                            Chapter 13
fka ALEXIS VICTORIA KING,                        Hon. Scott W. Dales
fka ALEXIS V. BECKTEL,

        Debtor.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

Alexis Anzaldua (the "Debtor") filed a Motion for Continuation of Stay (ECF No. 15, the "Motion") on March 18, 2024, seven days after filing her second petition within the preceding year. The Clerk prepared and entered a notice of hearing on March 26, 2024 (ECF No. 18) and set the hearing date for April 10, 2024, in Grand Rapids, in order to comply with the 30-day period prescribed in 11 U.S.C. § 362(c)(3)(A), returning the hearing notice to Debtor's counsel, David Ross Ienna, Esq., for appropriate service.[1]

At the hearing, the court informed Debtor's co-counsel, Danielle McBride, Esq., that it has no record establishing proof of service in conjunction with the hearing notice. Ms. McBride candidly conceded that Mr. Ienna did not serve the hearing notice but relayed her understanding that her colleague had served appropriate notice on interested parties in compliance with the "notice and opportunity to object" procedure prescribed in LBR 9013(c). *See* LBR 9013(c), 9013-

_____

[1] The court's website offers guidance to help debtors meet the 30-day deadline prescribed in § 362(c). *See* https://www.miwb.uscourts.gov/sites/miwb/files/Procedure%20Governing%20Motions%20to%20Extend%20the%20Automatic%20Stay%20%28Sec.%20362%28c%29%29.pdf. In addition, upon issuing the hearing notice, the court's deputy telephoned Mr. Ienna to call his attention to the service requirement but only reached his support staff. Despite the deputy's courtesy call, the onus of effecting appropriate service remains on counsel, not support staff and not the court.

1(a), and 5005-4(a)-(c).  However, she was unable to point to the corresponding docket entry or documentation.  The court took the matter under advisement to determine whether the Debtor's initial filing included a notice conforming to LBR 9013(c)(1)(A) and advising interested parties of their right (and deadline) to object.

After consulting the docket, the court notes that, on the eve of the hearing, counsel also filed a purported "affidavit" from the Debtor dated April 9, 2024 (ECF No. 24) in support of the Motion.[2]  Having considered the docket and arguments of counsel at yesterday's hearing, the court finds that (1) Debtor's counsel did not include the notice required under LBR 9013(c)(1)(A) with his original filing, and (2) counsel has not otherwise established sufficient notice to creditors of the relief requested through the Motion.

Section 362(c)(3) authorizes the court to extend the automatic stay for certain serial filers upon a proper showing, but only "after notice and a hearing completed before the expiration of the 30-day period . . ."  11 U.S.C. § 362(c)(3)(B).  Here, the timing of counsel's filing of the Motion coupled with his failure to comply with LBR 9013(c)(1)(A) or effect service of the hearing notice, prevents the court from completing the "notice and a hearing" within the 30-day statutory period, which expired yesterday (the date of the actual hearing).  Therefore, the court will deny the Motion.

As noted in similar matters, however, the automatic stay will continue to protect property of the Debtor's bankruptcy estate, notwithstanding the court's denial of the Motion.  *See In re*

---

[2] Obviously, interested parties did not have timely notice of a document filed at the eleventh hour.  Moreover, the actual notarial act reflected in the supposed "affidavit," which evidently occurred in Oklahoma, takes the form of an acknowledgement rather than a jurat or affirmation, so the "affidavit" likely does not amount to a sworn statement in support of the Motion.  *Compare* 49 Okl. St. Ann. § 112(2) (defining "acknowledgment") with *id*. § 112(3) (defining "verification").  Michigan recognizes the same distinction.  *See* M.C.L. § 55.263(a) (defining "acknowledgment") and *id.* § 55.265(a) (defining "jurat").  Practitioners (and notaries) should not confuse the two distinct notarial acts.  And another word to the wise: federal law simplifies the process of supporting a motion with sworn testimony by dispensing with the need for notaries altogether.  *See* 28 U.S.C. § 1746 (Unsworn declarations under penalty of perjury); Fed. R. Civ. P. 43(b) (Evidence on a Motion) (made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 9017).

*Wilson-Fields*, No. DK 15-00863, 2015 WL 1294137, at *3 (Bankr. W.D. Mich. Mar. 21, 2015) (citing *In re Skogland*, Slip Op. DM 14–90050, 2014 WL 1089865 (Bankr. W.D. Mich. March 19, 2014) (citing *In re Robinson*, 427 B.R. 412 (Bankr. W.D. Mich. 2010)); *see also In re Riedy*, 517 B.R. 88 (Bankr. W.D. Mich. 2014).[3]

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, David Ross Ienna, Esq., the United States Trustee, and all creditors listed on the mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**

**Dated April 11, 2024**



Scott W. Dales
United States Bankruptcy Judge

---

[3] Fortuitously, the court's interpretation of § 362(c)(3) mitigates the impact of counsel's failure to properly give notice of the Motion -- a misstep consistent with the court's experience with Mr. Ienna in other matters.  In the future, counsel would do well to pay closer attention to the requirements of his practice and the court's rules.